IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LUIS DUARTE,

                          Petitioner,

        v.                                                    OPINION & ORDER

REED A. RICHARDSON,                                           15-cv-682-jdp

                          Respondent.

Petitioner Luis Duarte is in custody at the Stanley Correctional Institution. He previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but I dismissed his petition for failure to exhaust his claims in state court. *Duarte v. Pugh*, No. 14-cv-340, 2015 WL 4668391 (W.D. Wis. Aug. 6, 2015). The dismissal was without prejudice to petitioner filing another petition after exhausting his claims. Petitioner has filed a new petition and it appears that his claims are now exhausted. Because petitioner is proceeding pro se, I must read his petition generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I conclude that the petition appears untimely and that petitioner has procedurally defaulted his claims. However, I will give him an opportunity to respond to this order and address these two issues.

ALLEGATIONS OF FACT

The following facts are drawn from the petition and state court records. Following a jury trial, petitioner was convicted of first-degree intentional homicide under Wis. Stat.

§ 940.01(1), and attempted armed robbery under Wis. Stat. § 943.32(2) in Dane County Case Number 1990CF000536. He was sentenced to life in prison on September 11, 1991.

Petitioner contends that following his conviction, he met with his appellate counsel and tried to express his desire to appeal the conviction and to challenge the effectiveness of his trial counsel's assistance. Petitioner did not speak English and did not understand his counsel or the proceedings against him. On April 2, 1992, appellate counsel moved for an extension of time in which to file petitioner's notice of appeal. Then, on June 23, 1992, at the prompting of appellate counsel, petitioner signed a document waiving his right to appellate and postconviction relief. His counsel filed the waiver with the court the next day. Despite receiving a waiver of appeal, one week later, the court granted the earlier-requested extension of time to appeal. But no appeal was ever filed.

From that point until 2014, there was no action in petitioner's case. Then, in the spring of 2014, petitioner wrote to the court of appeals about his appeal. He received a response from the clerk of court on March 10, 2014, explaining that although he had been granted an extension of time to appeal, no appeal was ever filed. Later that month, petitioner received a copy of his signed waiver from 1992. Petitioner also moved for assistance recruiting counsel, but was denied. Petitioner alleges that, until these exchanges with the court in 2014, he did not know or understand that he had no direct appeal pending, or that he had waived his right to one back in 1992.

In November 2014, petitioner requested habeas relief in the state court of appeals. Instead of addressing the merits of his claims, the court denied his petition as untimely because he had waited more than 20 years to bring it. Petitioner appealed the denial to the

Wisconsin Supreme Court, which denied review on October 8, 2015. Petitioner filed his petition in this court on October 23, 2015.

ANALYSIS

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that: (1) his trial and appellate counsel were both ineffective; (2) the state failed to disclose the results of potentially exculpatory blood tests; and (3) the court allowed him to unknowingly waive his right to have the proceedings translated into his native language. But I cannot consider the merits of these grounds for relief because petitioner did not properly raise these issues to the state courts and his petition appears untimely.

**A. Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), a prisoner must file a federal collateral attack on a state criminal judgment within one year of when the state court judgment became final. The one-year limitations period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's one-year limitations period likely began running on the date his state court judgment became final. 28 U.S.C. § 2254(d)(1)(A). That was more than 20 years ago

3

when he failed to appeal his conviction or move for postconviction relief. Accordingly, petitioner's year to file a habeas petition expired many years before he filed his petition here.

But I will give petitioner a chance to show that he is entitled to equitable tolling. Petitioner may be entitled to relief through equitable tolling if he can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has not yet demonstrated that he has been pursuing his rights diligently or that an extraordinary circumstance has been standing in his way. Unless petitioner can establish that I should use one of the alternative dates set forth in subsections (B) through (D) above as the start of his one-year limitations period, or unless he can make a better case for equitable tolling, I will dismiss his petition as untimely.

One other option is available to petitioner: petitioner may be able to overcome the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Based on the materials that petitioner has submitted so far, I am skeptical that he will qualify for this equitable

exception. However, I will give petitioner a short time to respond to this order and show that: (1) the petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) I should excuse him from the one-year limitations period because he is actually innocent. If he fails to adequately respond, I will dismiss his petition.

## B.  Procedural default

Petitioner faces a second problem. He did not raise his claims through the state court direct appeals process. When he attempted to raise them in his state habeas proceedings more than 20 years later, the court of appeals denied his petition without addressing the merits of his claims. The court relied on state procedural law to conclude that the petition was untimely. In other words, petitioner had procedurally defaulted. And the Wisconsin Supreme Court declined to allow him to overcome the default and denied review.

Because the state courts relied on a procedural basis for denying the petition, they did not review the merits of petitioner's claims. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012) ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). The violation of state law procedure serves as an adequate and independent state-law ground to support the state court's denial of petitioner's requested relief. *Johnson v. Foster*, 786 F.3d 501, 504-05 (7th Cir. 2015). Accordingly, this court also concludes that petitioner has procedurally defaulted. *Id.* at 505 (A "petitioner who has procedurally defaulted in state court—and thus has not fairly presented those claims through one complete round of state-court review—cannot have his defaulted claims heard in federal court.").

However, petitioner may be able to overcome his default if he can show "that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Id.* (internal quotations marks and citations omitted). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Coleman*, 501 U.S. at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). And a fundamental miscarriage of justice occurs "only when the claimed constitutional violation probably caused an innocent person to be convicted." *Johnson*, 786 F.3d at 505. Again, I am skeptical that petitioner will be able to make these showings, but I will give him an opportunity to respond to this order and attempt to overcome the default. He will have to explain why he waited more than 20 years to raise his claims and how he has been actually prejudiced. Alternatively, he may explain how a fundamental miscarriage of justice would result from this court not considering the merits of his petition. Again, if petitioner fails to adequately respond, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Luis Duarte may have until July 15, 2016, to file a response addressing the two issues discussed above. If petitioner fails to timely and adequately respond, then I will dismiss his petition.

Entered June 24, 2016.

BY THE COURT:
/s/

_____

JAMES D. PETERSON
District Judge

7