IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS DUARTE,

                          Petitioner,

    v.                                                                OPINION & ORDER

REED A. RICHARDSON,                                  15-cv-682-jdp

                        Respondent.

---

Pro se petitioner Luis Duarte has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After screening the petition, I directed petitioner to show cause why it should not be dismissed. Dkt. 3. I concluded that the petition, which petitioner filed more than 20 years after his conviction, did not appear to be timely and that petitioner had procedurally defaulted his claims. *Id.* I gave petitioner until July 15, 2016, to respond to the order, and I warned him that if he failed to respond, then I would dismiss his petition. *Id.*

Petitioner has responded, Dkt. 4, but he has failed to explain why it took him more than 20 years to file his habeas petition. He has also failed to show good cause for his procedural default or the actual prejudice that it has caused. *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) ("A federal court may excuse a procedural default if the habeas petitioner establishes that . . . there was good cause for the default and consequent prejudice"). He contends that he did not receive notice that his appeal had been dismissed, but this does not explain why he did nothing for more than 20 years. A defendant will sometimes get some leeway if he has not been informed of important developments in his case, but he cannot ignore the matter for two decades and expect to pick up where he left off.

Petitioner attempts to overcome both the timing and procedural default obstacles by contending that he is actually innocent. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief"). Petitioner's theory of actual innocence is that he was too intoxicated to form the requisite mental state for first-degree intentional homicide. But he does not have compelling evidence of his actual innocence. Merely asserting that he was too intoxicated to know what he was doing is not enough. *State v. Strege*, 116 Wis. 2d 477, 343 N.W.2d 100, 105 (1984) ("In order to place intoxication in issue in a given case, it will be necessary for the defendant to come forward with some evidence of his impaired condition. This evidence must be more than a mere statement that the defendant was intoxicated.") (quoting *State v. Schulz*, 102 Wis. 2d 423, 307 N.W.2d 151, 156 (1981).)

Petitioner concedes that he does not have blood test evidence that identifies the intoxicants in his blood and the levels of those intoxicants. He contends that the state withheld this evidence at trial because it was exculpatory, and he now asks the court to order the state to turn over the results of his blood test from 1991 so that he can show that he was under the influence of drugs. But in light of his long delay in raising this issue, the court will not infer that the blood test evidence necessarily supports petitioner's case. *McQuiggin*, 133 S. Ct. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").

And petitioner's own statements about his intoxication are inconsistent. In his original petition, he claims that he was "with a friend, drinking Vodka, beer, and snorting cocaine all

day." Dkt. 1-1, at 1. Then, in his recent response, he claims that he was drinking with friends, and

> some of his friends also began smoking and offered Duarte some Marijuana, which he also smoked. There was some other chemical in the Marijuana which caused Duarte to black out and he became extremely intoxicated. I then had no knowledge of what occurred after that. I had no knowledge the marijuana had some other kind of chemical mixed with it.

Dkt. 4, at 2. Petitioner's story shifts from voluntary intoxication with alcohol and cocaine to involuntary intoxication by some unknown chemical. Petitioner cannot sustain his burden to present a compelling case of actual innocence with such an inconsistent presentation of the critical facts.

The bottom line is that petitioner has not demonstrated that with the blood test evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delp*, 513 U.S. 298, 327 (1995). At best, petitioner would only have one more potential defense to argue at trial, the absence of which was not a fundamental miscarriage of justice. *Johnson*, 786 F.3d at 505. Accordingly, petitioner has failed to show cause and I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Luis Duarte's petition for a writ of habeas corpus is DISMISSED with prejudice. The clerk of court is directed to close this case.

Entered July 18, 2016.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge